IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD

FILED
IN CLERK'S OFFICE

2006 MAY 12 A 10: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

Jose Gonzales-Tejada,  )
       Petitioner,  )
)
)
-V-  )
)
)    Case No: 3:04-CR-30047-001MAP
United States Of America,  )
       Respondent.  )
)
)

**MOTION FOR NUNC PRO TUNC FOR CLARIFICATION OF CALCULATION
OF TIME SERVED BY PETITIONER IN OFFICIAL DETENTION PRIOR THE
DATE THE SENTENCE COMMENCES PURSUANT TO 18 U.S.C. § 3585(a) and (b)**

TO THE HONORABLE COURT:

    Comes Now, **Jose Gonzales-Tejada**, herein and after the Petitioner, who appears Pro-Se and Indigent in the above numbered case, and respectfully moves this Honorable Court requesting to enter a Nunc Pro Tunc Order pursuant to 18 U.S.C. § 3585(a) and (b) for the clarification of calculation of time served by Petitioner in official detention prior the date that the sentence was imposed by this Court on May 06, 2005.

    In support of this Motion for a Nunc Pro Tunc Order, Petitioner states the following:

## PROCEDURAL HISTORY
## "COURSE OF PROCEEDING"

On Auguts 18, 2004, Petitioner was placed under arrest by federal Agents accused of violating the Immigration laws of the United States Of America.

On October 05, 2004, a Grand Jury sitting in the District of Massachusetts, (Division of Springfield), returned an One Count Indictment chraging Petitioner of illegal Re-entry the United States of Deported alien in violation of Title 8 U.S.C. § 1326(A)(B)(2).

On or about January 2005, Petitioner appeared before the U.S.D.J., Honorable Ponsor and entered a plea of guilty to the One Count Indictment.

On May 06, 2005, the Court presided by the U.S.D.J., Honorable Ponsor sentenced Petitioner to a term of 30 months of imprisonment followed with a term of three (3) years of supervised release.

## PETITIONER'S CLAIM

Title 18 U.S.C. § 3585(a), **Commencement of Sentence,** a sentence to a term of imprisonment commences on the date that a defendant is received in custody awaiting transportation to, or arrive voluntary to commence service of sentence. Title 18 U.S.C. § 3585(b) requires that a defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior the date the sentence commences.

Since, Petitioner arriving at FCI Loretto, PA, he has been informed by FCI Loretto Staff Members with different date for the calculation of the time served by Petitioner in official custody prior the date that this Court imposing sentence on May 06, 2005.

And, that this Court is silent whether or not the time spent in custody prior the Indictment filed is creditable to Petitioner's sentence. However, FCI Loretto Staff informed Petitioner that Petitioner's sentence will begin to be computated the date that the federal Indictment was filed on October 05, 2004.

Petitioner submits that he is entitled to receive credict toward his sentence for all the time spent in custody, and that his sentence shall be computated from the date that Petitioner was arrested and placed in custody by the federal Agents accused of violating the Immigration laws of the United States Of America for which Petitioner was indicted and sentenced in this Court. And, that Title 18 U.S.C. § 3585(a) and (b) provides and requires that a defendant shall be given credit toward his sentence for any time spent in custody, as such, a defendant's sentence commences on the date that he is placed in custody.

As stated, previously, the BOP (FCI Loretto Administration) refuses to apply to Petitioner's sentence the two (2) months spent in custody by Petitioner prior the date that the indictment was filed in this case because of this Court silent. Essentially, the two (2) months served by Petitioner prior the date the Indictment filed was left in limbo by the procedural bureaucracy when the Probation Department Officer and this Court, at the time of Sentencing, forgot the Court's discretion to mention that Petitioner

3.

is entitled to received credict toward his sentence for all the time spent in custody. And, that the time for the calculation of Petitioner's sentence shall start on the date of his arrest.

### CONCLUSION

Wherefore, for the reasons stated, Petitioner respectfully request that this Motion be granted and that this Court issue an Order giving Nunc Pro Tunc jail credit to Petitioner's sentence starting from the date of his arrest on August 18, 2004.

RESPECTFULLY SUBMITTED

BY: *[signature]*
Jose Gonzalez-Tejada

*[signature]*

Executed this 8th day of May, 2006

4.

## CERTIFICATE OF SERVICE

This is to certify that I have this date under the pains and penalty of perjury (Title 28 U.S.C. § 1746) served a true and correct copy of the foregoing Motion for Nunc Pro Tunc Order for clarification of calculation of time served by Petitioner in official custody upon counsel of record as follows: Micheal Sullivan, U.S. Assistant Attorney, 310 federal Bld, 1550 main Street, Springfield, MA 01103, placing the same in the United States mail, first class postage pre-paid and properly affixed thereto.

This 8TH day of May, 2006.

BY: _Jose Hozaly Tejada_
    Jose Gonzalles-Tejada